JEFFREY L. CLEMENS
412 Dockway Drive
Huron, OH 44839
(419) 433-4438



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEFFREY L. CLEMENS, | ) | No. 07-10845-RGS |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF REQUEST FOR EXTENSION** |
| | ) | **OF DISCOVERY PERIOD AND STAY** |
| v. | ) | **OF PROCEEDINGS: LEAVE TO DEPOSE** |
| | ) | **DEFENDANT SHELLY LAVERONI AND** |
| TOWN OF SCITUATE, SHELLY | ) | **OTHERS** |
| LAVERONI, JERRY LAVERONI, | ) | |
| MICHAEL O'HARA, JOHN ROONEY, | ) | Rule 56(f) |
| and others, | ) | |
| | ) | |
| Defendants. | ) | Hon. Robert G. Stearns |
| | ) | |

Plaintiff Jeffrey L. Clemens does hereby request an extension of time to conduct discovery and for the court to correspondingly stay the current proceedings [summary judgment motion] until such time that the plaintiff has the opportunity to depose Defendant Shelly Laveroni and witnesses Susan Smith and Sandra Frankman as well as Defendant John Rooney. Their testimony, especially Laveroni's, is critical to the full, fair and accurate resolution of the claims set forth in the plaintiff's complaint. As the court is aware, plaintiff was incarcerated for the last five months and physically unable to conduct depositions. As there are numerous discrepancies[1] and disingenuousness -- issues of material fact -- within and among the existing discovery record [police report allegations, police

---

[1] *See* Plaintiff Opposition To Defendant Town of Scituate's (And Other's) Motion For Summary Judgment filed concurrent with this instant request for a complete analysis of these discrepancies.

1

testimony at depositions and at trial, the text of Shelly Laveroni's 9-1-1 call, radio communications and so forth][1] further discovery is permitted by F.R.C.P. Rule 56 (f) which states, in relevant part:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Furthermore, Rule 56(e)(1) states: "The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits." Nearly this entire case hinges upon whether or not Shelly ever told the police that the plaintiff told her he was a private investigator. The plaintiff, on the day in question [May 12, 2005], never made such a claim [*See* Complaint, Page 6, Paragraph 15] nor did Shelly, in her 9-1-1 call, with clear opportunity to say so, ever made such a claim or reference either. Yet Defendant O'Hara and the Commonwealth's entire criminal case against the plaintiff is tied to this single allegation.[2] Only a deposition [or trial], where Shelly Laveroni is under oath and under examination, can resolve this critical issue of material fact once and for all.[3]

Filed concurrently with this request [to support plaintiff's opposition to summary judgment] is an affidavit that likewise supports such request and presents three key issues of material fact: 1) that plaintiff never said to Defendant Shelly Laveroni that he was a private investigator, 2) that [by absence of signed testimony to-date] we can infer that Shelly Laveroni never said to Defendant O'Hara that the plaintiff had said to her that he was a private investigator, and 3) that Defendant

---

[2] In his original police report dated May 13, 2005 as well as at his July 23, 2008 deposition and the plaintiff's September 18, 2008 trial, Defendant O'Hara testified that, upon telling the plaintiff that Shelly Laveroni had told [both] him [and Defendant Goyette] that she had said that the plaintiff had told her he was a private investigator, the plaintiff became angry and enraged and thus – as the jury that convicted the plaintiff surely surmised – he was "Disorderly". Well, if Shelly Laveroni, in fact, testifies otherwise, what does *that* make O'Hara and his story?

2

O'Hara never said to the plaintiff that Shelly Laveroni had said to him that the plaintiff had said to her that the plaintiff was a private investigator. The defendants, in their motion, rely almost entirely on exactly the *opposite* of these three facts, that is, they rely upon false statements and purposeful misrepresentations that they themselves were responsible for and that, in turn, give only illusory support to a supposed [and only assumed to be] valid conclusion [jury verdict] and plea. As the plaintiff is seeking to vacate his conviction on appeal as well as to withdraw his so-called no contest plea, in all fairness, and with good cause shown, this request should be granted.

Respectfully submitted,

*/s/ Jeffrey L. Clemens*
Jeffrey L. Clemens                                  Dated this 18th day of February 2009

---

[3] In fact, Shelly Laveroni's first words to the 9-1-1 dispatcher were: "I have a strange man here at my door and I don't know what he's doing here." No matter how one looks at this statement, there is a problem as for how the police can make a claim that Shelly said the plaintiff identified himself as a private investigator especially since, in her eventual answer to the plaintiff's original complaint, she denies that the plaintiff introduced himself. What, is that to say the plaintiff identified himself as a private investigator yet neither told Shelly his name nor what he wanted [to know]? Nonsense.

## DECLARATION OF MAILING

I am a citizen of the United States and a resident of the State of Ohio. I am over the age of eighteen. My address is:

> 412 Dockway Drive Huron OH 44839

On February 18, 2009, I served the within document:

> PLAINTIFF REQUEST FOR EXTENSION OF DISCOVERY PERIOD
> AND STAY OF SUMMARY JUDGMENT PROCEEDINGS: LEAVE TO DEPOSE
> DEFENDANT SHELLY LAVERONI

on the defendants in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon prepaid for FIRST CLASS in the United States mail, Huron, Ohio addressed as follows:

| | |
|---|---|
| Stephen C. Pfaff | **Attorney for Defendants** |
| Louison, Costello, Condon & Pfaff | Town of Scituate, Michael O'Hara, |
| 67 Batterymarch Street | John Rooney, Shelly Laveroni and |
| Boston, Massachusetts 02110 | Jerry Laveroni |

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _Donald J. Clemens_
Donald Clemens

Date: 02-18-09

JEFFREY L. CLEMENS
412 Dockway Drive
Huron, OH 44839
(419) 433-4438

FILED
IN CLERK'S OFFICE

2009 FEB 23  P 1: 14

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEFFREY L. CLEMENS, | ) | No. 07-10845-RGS |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF HIS** |
| | ) | **INTENT TO DEPOSE SHELLY** |
| v. | ) | **LAVERONI** |
| | ) | |
| TOWN OF SCITUATE, SHELLY | ) | |
| LAVERONI, JERRY LAVERONI, | ) | |
| MICHAEL O'HARA, JOHN ROONEY, | ) | |
| and others, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The plaintiff, Jeffrey L. Clemens, does hereby give notice of his intent to depose Shelly Laveroni on Tuesday, March 24, 2009 at 3:00 p.m. at the offices of Louison, Costello, Condon & Pfaff, 67 Batterymarch Street, Boston, Massachusetts.

Respectfully submitted,

Jeffrey L. Clemens
Jeffrey L. Clemens

Dated this 18th day of February 2009

## DECLARATION OF MAILING

I am a citizen of the United States and a resident of the State of Ohio. I am over the age of eighteen. My address is:

412 Dockway Drive Huron OH 44839

On February 18, 2009, I served the within document:

PLAINTIFF NOTICE OF HIS INTENT
TO DEPOSE SHELLY LAVERONI

on the defendants in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon prepaid for FIRST CLASS in the United States mail, Huron, Ohio addressed as follows:

| Stephen C. Pfaff | **Attorney for Defendants** |
| Louison, Costello, Condon & Pfaff | Town of Scituate, Michael O'Hara, |
| 67 Batterymarch Street | John Rooney, Shelly Laveroni and |
| Boston, Massachusetts 02110 | Jerry Laveroni |

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _Donald J Clemens_
Donald Clemens

Date: 02-18-09