UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10845-RGS

JEFFREY CLEMENS

v.

TOWN OF SCITUATE, MICHAEL O'HARA
JOHN ROONEY, SHELLY LAVERONI and
JERRY LAVERONI

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

May 22, 2009

STEARNS, D.J.

This case had its origins in the May 12, 2005 arrest of plaintiff Jeffrey Clemens by defendant Michael O'Hara, a Scituate Police sergeant. The arrest was precipitated by a trespass complaint made by defendant Shelly Laveroni. Upset by the arrest and his subsequent conviction, Clemens instituted this *pro se* action against the Town of Scituate (Town), O'Hara, Scituate Police lieutenant John Rooney, and Shelley Laveroni and her husband Jerry. In a prolix narrative, the Complaint sets out Clemens's central contention that the "arrest without probable cause" violated his federal civil rights. He also alleges a number of related common-law torts. Defendants O'Hara, the Laveronis, and the Town now move for summary judgment.[1]

BACKGROUND

---

[1] Defendant Rooney brought a motion to dismiss at the outset of the proceedings, which was allowed by the court on October 8, 2007. Clemens did not file returns of service for additionally named defendants Ralph Sozio, Ingerd Sotelo, and Gavin De Becker & Assocs., Inc. As the period for service has long since expired, dismissal for these additional defendants will also be entered. See Fed. R. Civ. P. 4(m).

The facts as developed in the record on summary judgment can be summarized as follows. Clemens was arrested by Sergeant O'Hara for trespassing on the grounds of the Laveroni's home at 52 Old Oaken Bucket Road in Scituate.[2] Clemens approached Shelly Laveroni while she was sitting on her porch and attempted to speak with her. Laveroni told Clemens that he was "on private property and [was] being asked to leave." Laveroni then called the Scituate Police. Clemens immediately left the premises. However, he was stopped by O'Hara on the "main road" and placed under arrest. Clemens was charged with disorderly conduct, criminal harassment, and impersonating a private investigator.

After a jury trial on September 30, 2008, Clemens was found guilty of the disorderly conduct charge. He was sentenced to six months in the House of Correction. The District Attorney subsequently dismissed the harassment charge. Clemens admitted to sufficient facts and received a six-month suspended sentence for impersonating a private investigator.

## DISCUSSION

Summary judgment is appropriate if "any pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment

---

[2]Clemens claims that he approached Laveroni as part of an "inquiry related directly to civil litigation he was conducting in Los Angeles." Clemens apparently believes that Jerry Laveroni had previously "investigated" Clemens while he was vacationing on Cape Cod in August of 2000. While the details are difficult to parse, Clemens alleges that Laveroni's "investigation" stemmed from unspecified litigation brought by Clemens against Creative Artists, a Hollywood talent agency. Laveroni had worked as a stunt man for the "Wild, Wild West" television series starring the actor Robert Conrad. Because Conrad was involved in some facet of the Creative Artists litigation, Clemens believes that Conrad instigated the Laveroni "investigation."

as a matter of law." Fed. R. Civ. P. 56(c).  See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).  A party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue as to a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The nonmovant in turn bears "the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).  "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Consequently, "a party opposing summary judgment must present definite, competent evidence to rebut the motion." Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000) (internal quotations and citations omitted).

Clemens alleges civil rights violations against O'Hara, the Laveronis, and the Town pursuant to the federal civil rights statute, 42 U.S.C. § 1983.  He also makes claims against O'Hara and Shelly Laveroni for false arrest, false imprisonment, abuse of process, reckless endangerment, and intentional infliction of emotional distress.  Finally, he alleges a common-law conspiracy involving Jerry Laveroni and unnamed persons.

Clemens claims that his Fourth Amendment rights were violated when O'Hara arrested him (allegedly) without probable cause.  However, Clemens was found guilty at trial of disorderly conduct, and later admitted to sufficient facts on the charge of impersonating a private investigator.[3]  Under Heck v. Humphrey, 512 U.S. 477 (1994), a

---

[3] An admission to sufficient facts followed by a continuation without a finding is not deemed a "conviction" under Massachusetts law (although it is under federal law). Commonwealth v. Villalobos, 437 Mass. 797, 801-802 (2002).  The difference, however,

person with a criminal conviction is prohibited from bringing a civil suit where "a judgment in favor of the plaintiff [in the civil case] would necessarily imply the invalidity of his conviction or sentence, unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Id. at 487. "This 'Heck bar' prevents collateral attack on a criminal conviction through a civil suit for damages, promoting consistency between civil and criminal determinations and the finality of criminal appeals." Crooker v. Burns, 544 F. Supp. 2d 59, 62 (D. Mass. 2008). As Clemens's conviction has not been invalidated, his Fourth Amendment claims against O'Hara must be dismissed.[4]

The federal claims against the Laveronis suffer from two fatal defects. First, a plaintiff must show that the person charged with a deprivation of federal civil rights was a state actor or, if a private citizen, was in collusion with a state official acting under "color of law." See Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 351 (1st Cir. 1995) ("Where a private individual is a defendant in a section 1983 action, there must be a showing that the private party and the state actor jointly deprived plaintiff of [his]

---

has no bearing on a probable cause analysis. Cf. Devenpeck v. Alford, 543 U.S. 146, 153-154 (2004).

[4]Clemens claims that his September 2008 jury verdict "is currently in appeal and likely to be vacated given egregious errors on part of the trial court." Similarly he asserts that his "December 2008 plea was not valid . . . and has been withdrawn for want of sufficiency of evidence." Opposition, at 3-4. Even if Clemens is correct, it makes no difference to the outcome. Under Massachusetts law, a conviction, even one reversed on appeal (with rare exception), conclusively establishes probable cause. Broussard v. Great Atl. & Pac. Tea Co., 324 Mass. 323, 326 (1949).

civil rights."). Clemens has failed to show (or even allege) any "collusion" between the Laveronis and O'Hara. He alleges only a "conspiracy" involving Jerry Laveroni and persons unnamed.

Second, an action under section 1983 may not be based on a violation of state law unless the act complained of also violated a secured federal right. <u>Kraushaar v. Flanigan</u>, 45 F.3d 1040, 1047 (7th Cir. 1995); <u>Fields v. City of South Houston, Texas</u>, 922 F.2d 1183, 1189 (5th Cir. 1991). <u>See</u> also <u>Vargas-Badilllo v. Diaz-Torres</u>, 114 F.3d 3, 6 (1st Cir. 1997) (plaintiff could not recover for false arrest under a state law prohibiting warrantless arrests for misdemeanors not committed in the officer's presence); <u>Boveri v. Town of Saugus</u>, 113 F.3d 4, 7 (1st Cir. 1997) ("A regulatory violation, like a violation of state law, is not inherently sufficient to support a § 1983 claim."). The claims asserted against the Laveronis by Clemens for the most part are state-law torts that have no constitutional grounding. The two tort claims with a potential anchor in the Fourth Amendment – those for false arrest and false imprisonment – are precluded by the <u>Heck</u> bar and the state action rule. <u>See</u> <u>Holland v. City of Portland</u>, 102 F.3d 6, 10 (1st Cir. 1996); <u>Broussard</u>, 324 Mass. at 326.[5] Finally, the claims against the Town must be dismissed because Clemens has failed to allege a municipal policy or custom "causing" his alleged injuries. <u>See</u> <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). <u>See</u> also <u>Collins v. City of Harker Heights</u>, 503 U.S.

---

[5]Although Clemens does not specifically raise a claim of violation of procedural or substantive due process, these claims would be barred as well. <u>See</u> <u>Reid v. New Hampshire</u>, 56 F.3d 332, 336 n.8 (1st Cir. 1995).

115, 122 (1992) (the doctrines of *respondeat superior* and vicarious liability have no place in a section 1983 municipal action).

## ORDER

For the foregoing reasons, defendants' motion for summary disposition is ALLOWED as to all federal claims. The Clerk will enter judgment for defendants O'Hara, the Laveronis, and the Town of Scituate and then close the case. Defendants Ralph Sozio, Ingerd Sotelo, and Gavin De Becker & Assocs., Inc. are DISMISSED for Clemens's failure to make service as required by Fed. R. Civ. P. 4(m). The court declines to exercise jurisdiction over the non-constitutional aspects of the pendent state law claims.[6]

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[6] See Camelio v. American Federation, 137 F.3d 666, 671 (1st Cir. 1998).